**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RICHARD D. MOISE,                              *

Plaintiff                                      *

v                                              *          Civil Action No. RDB-20-3330

STATE OF MARYLAND,                             *
LARRY HOGAN, *Governor*,
                                               *
Defendants

                                        ***

## <u>MEMORANDUM OPINION</u>

Self-represented plaintiff Richard D. Moise,   currently confined at North Branch Correctional Institution in Cumberland, Maryland, filed the above-captioned civil rights Complaint pursuant to 42 U.S.C. § 1983 along with a Motion for Leave to Proceed in Forma Pauperis.  ECF Nos. 1 and 3.[1]  Because Moise appears indigent, the Motion for Leave to Proceed in Forma Pauperis shall be granted.  For the reasons that follow, the Complaint must be dismissed.

In the Complaint, Moise alleged that pursuant to Maryland court rules he was not able to file his own pleadings in his state post-conviction proceedings because he was represented by counsel.  ECF No. 1.  Moise explains that he filed the petition for post-conviction petition pro se and was then appointed counsel. *Id*., p. 2.  When he attempted to file an amended petition, the amendment was rejected under Maryland Rule 1-311 because he was represented by an attorney. *Id*., p. 3.  He asks that the rule be declared unconstitutional. *Id*., p. 5.

The in forma pauperis statute at 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this court without prepaying the filing fee.  To guard against possible

---

[1] Moise also filed a Motion to Appoint Counsel (ECF No. 2), which is denied because the case may not proceed.

abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This Court is mindful of its obligation to liberally construe pleadings from self-represented plaintiffs, such as the instant Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a complaint, the factual allegations are assumed to be true.  *Id*. at 93-94 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)).  Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented.").  It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id.* at 561.

Moise's Complaint fails to meet this standard. While prisoners have a constitutionally protected right of access to the courts,  *Bounds v. Smith*, 430 U.S. 817, 821 (1977)*,*

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996).

2

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 355). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id*. at 399.

In *Christopher v. Harbury*, 536 U.S. 403, 403 (2002), the Court characterized access-to-the courts claims as being in one of two categories. *Id*. at 413-14. The first, termed "forward looking claims," are cases where official action frustrates a plaintiff's ability to bring a suit at the present time. *Jennings v. City of Stillwater*, 383 F.3d 1199, 1208-09 (10th Cir. 2004). The second class, termed "backward looking claims," arise when a Plaintiff alleges that a specific claim "cannot be tried (or tried with all the evidence) [because past official action] caused the loss or inadequate settlement of a meritorious case." *Id*. at 1208. In this way, the official action is said to have "'rendered hollow [the plaintiff's] right to seek redress' "in the courts. *Id*. (quoting *Christopher*, 536 U.S. at 415 (brackets in original) (internal citations omitted)).

Whether the claim is forward or backward looking, a prisoner claiming he was denied access to the courts must ultimately prove he suffered an actual injury by showing that the defendant's acts hindered his ability to pursue a nonfrivolous legal claim. Conclusory allegations are not sufficient in this regard. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (denying access to court claim based on allegation that petition for a writ of certiorari had, for

unspecified reasons, been dismissed and where plaintiff did not even mention the point on appeal). The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.

Here, Plaintiff alleges that while represented by counsel in his state post-conviction proceedings, he was not permitted to file his own documents in the case. Even if Plaintiff were allowed to amend the complaint to explain what the documents he intended to file would have said, and that they were not frivolous, his claim would still fail as he cannot demonstrate the requisite injury. Plaintiff was not barred from amending his petition. Rather, he was permitted to file the amended petition through consultation with his attorney.

Moise is advised that under 28 U.S.C. § 1915(g), he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state a claim and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). A separate order follows.


___5/3/2021_____                     _____/s/_____
Date                                                         RICHARD D. BENNETT
                                                             UNITED STATES DISTRICT JUDGE